161 N.J. Super. 137 (1978)
390 A.2d 1228
ARTHUR CARINE, ANNE MARIE CARINE, JOSEPH TRAMUTOLA, ROBERT MASSA, THEODORE SCHMIDT, MARY LICATA, JOSEPH LICATA, ROSALYN LOBEL, ANITA HIRSH AND LEO KAZAZIAN, PLAINTIFFS,
v.
CLIFFSIDE PARK BOARD OF EDUCATION AND ANDREW L. NEMEC, BUILDING INSPECTOR OF THE BOROUGH OF CLIFFSIDE PARK, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided July 10, 1978.
*138 Mr. Joseph C. Woodcock, Jr., for plaintiffs (Messrs. Vaccaro, Osborne & Curran, attorneys).
Mr. Robert M. Jacobs for defendant Cliffside Park Board of Education (Messrs. Winne, Banta, Rizzi & Harrington, attorneys).
Mr. Sheldon M. Liebowitz for defendant Building Inspector Nemec (Messrs. Liebowitz, Krafte & Liebowitz, attorneys).
CASSIDY, J.J.D.R.C. (temporarily assigned).
This matter came before the court on a complaint in lieu of prerogative writs. Plaintiffs are owners of property located on Riverview Avenue, Cliffside Park, New Jersey. Defendant board of education is the owner of property located on the southerly side of Riverview Avenue, and defendant Andrew L. Nemec was, and is, the building inspector of Cliffside Park.
The premises in question owned by the board is known as Lot 36, Block 59 on the tax assessment map of Cliffside Park and situated in a one-family residential zone area. The board maintains and uses the said premises as an athletic field, adjacent to the high school.
Prior to June 1977 the board removed a wooden grandstand used for spectators attending athletic events. On or about October 3, 1977 the board constructed a new grandstand on the premises.
Plaintiffs allege the following violations: (1) the said grandstand was constructed without a building permit from Building Inspector Nemec, allegedly in violation of the local zoning ordinance, and (2) no notice was given to the adjacent property owners within 200 feet of the construction.
Factually, it appears that an application to construct a permanent steel grandstand was submitted to the State Board of Education which approved the plans on June *139 17, 1977. This application was submitted in accordance with N.J.S.A. 18A:18A-16 which provided:
All plans and specifications for the erection, alteration, improvement or repair of public schoolhouses shall be drawn by or under the supervision of an appropriate officer employed by the board to whom such power shall have been delegated by the board of education.
No contract for the erection of any building or any part thereof by any board of education of any school district shall be entered into until the plans and specifications therefor have been submitted to, and approved by, the State board and no change in any such plans or specifications, so approved, shall be made unless the same shall have been submitted to, and approved by, the State board. A copy of all plans and specifications, and all changes therein, so approved, shall be filed forthwith with the State board.
Following the State Board's approval, the stands were constructed. No application was made to the zoning board or to the building inspector by the board of education, which relied upon the approval of the State Board of Education.
Plaintiffs contend that according to Roman Catholic Diocese of Newark v. Ho-Ho-Kus, 42 N.J. 556 (1964), public schools are subject to local zoning.
However, that finding must be viewed in light of the recently enacted N.J.S.A. 18A:18A-49 and also the facts and circumstances of the case before the court dealing with the issuance of a building permit. N.J.S.A. 18A:18A-49 states:
No board of education of any school district shall be required to secure the approval of its plans and specifications for the erection or alteration of any school building or vocational school building or any part thereof by the municipality in which the building is located; nor shall any board of education or any board of education of a county vocational school or any contractor doing work in connection with school buildings or county vocational school buildings be required to secure a building permit from the municipality.
The statute unequivocally does not require a municipal building permit to be issued. "State preemption of a *140 specific legislative subject may be inferred when the matter controlled by statute necessitates a uniform state scheme." Cedar Park Cemetery v. Hayes, 132 N.J. Super. 572 (Law Div. 1975).
Plaintiffs also argue that the grandstand in question does not come under the statute in that it is not an integral part of the school building. They contend that the athletic field is a mere "accessory." They further assert that the grandstand is an accessory to the athletic field accessory. The court finds this contention without merit. This court holds that the adjacent athletic facilities are an integral part of the school building under the meaning of the statute.
Plaintiffs also raise the issue of notice concerning the residents within 200 feet. The statute is silent as to the notice requirement and it is the opinion of the court that if a notice requirement was necessary, the legislature would have so provided for it in the statute.
Defendants have complied with N.J.S.A. 18A:18A-16 regarding submission of plans to the State Board for its approval, and since N.J.S.A. 18A:18A-49 does not require a municipal building permit be issued, judgment is hereby entered in favor of defendants.